UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------- x
HALEY MARCOUS, WYATT MARCOUS, and           :
AMELIA MARCOUS,                             :
                                            :
                           Plaintiffs,      :        24-CV-00590 (SFR)
                                            :
            v.                              :
                                            :
NEW YORK LIFE INSURANCE COMPANY,            :
                                            :
                           Defendant.       x
-------------------------------------------------------------
```

## MEMORANDUM OF DECISION

Plaintiffs Haley, Wyatt, and Amelia Marcous ("Beneficiaries") are the designated beneficiaries of a term life insurance policy issued by New York Life Insurance and subscribed to by John Marcous ("Decedent"). After Decedent passed away in 2022, New York Life declined to pay Beneficiaries' claim and asserted that the policy lapsed prior to Decedent's death because Decedent failed to timely pay required premiums. New York Life seeks a declaration that the policy terminated prior to Decedent's death and has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Because I can resolve that claim only by reference to disputed issues of material fact, I deny New York Life's motion.

## I.    BACKGROUND

### A.    Factual Background

The following facts from the Complaint, Answer, Counterclaim, and Answer to the Counterclaim are not contested. Decedent purchased a term life insurance policy from New York Life in December 2004. ECF No. 15, Answer ¶¶ 11-12. The policy designated Haley

Marcous,[1] Decedent's then-wife, as well as their two children, Wyatt and Amelia, as the beneficiaries. *Id.* ¶ 12. Under the policy, Decedent was responsible for making regular premium payments. ECF No. 15, Counterclaim ¶ 4; ECF No. 19, Pls.' Answer ¶ 4. Beneficiaries agree that a true and accurate copy of the policy is attached as Exhibit A to New York Life's Answer. Pls.' Answer ¶ 4 (referring to ECF No. 15-1, Policy). The policy required Decedent to pay regular premiums in exchange for a promised payment of $2.5 million in the event of Decedent's death. Policy 8. The policy provided that it would lapse for failure to pay regular premiums within 31 days from their due date. *Id.* at 16. Decedent died on November 22, 2022. Counterclaim ¶ 14. New York Life denied Beneficiaries' claim by letter on March 19, 2023. Pls.' Answer ¶ 19.

The parties do not agree whether the policy was in effect at the time of Decedent's death. Beneficiaries allege in their Complaint that Decedent performed all required obligations under the policy, ECF No. 1-1, Compl. ¶ 15, and assert that the policy was in effect when the Decedent died, *id.* ¶ 22. New York Life disagrees. New York Life asserts that the policy lapsed before Decedent's death after Decedent failed to timely pay premiums. Counterclaim ¶¶ 6-16.

**B.     Procedural History**

Beneficiaries initiated this suit for breach of contract in Connecticut Superior Court; New York Life removed to this Court on April 3, 2024. ECF No. 1, Notice of Removal. In its Answer, New York Life asserts a single counterclaim for declaratory judgment that the policy

---

[1] The Policy identifies Ms. Marcous as "Hayley." Ms. Marcous also lists her name in a Declaration as Hayley. But I follow the caption of the Complaint, which identifies Ms. Marcous as Haley. If Ms. Marcous wishes to correct the spelling of her name, Beneficiaries' counsel may file a motion to amend the caption of the case.

terminated prior to Decedent's passing because Decedent failed to timely pay premiums. Counterclaim ¶¶ 4-16. Beneficiaries answered the Counterclaim on May 30, 2024.

New York Life moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on June 28, 2024. ECF No. 23, Def.'s Mem. Beneficiaries responded on August 16, 2024. ECF No. 26, Pls.' Mem. New York Life replied in support of its motion on August 30, 2024. ECF No. 27, Reply. This case was transferred to my docket on January 6, 2025. ECF No. 30. The parties presented oral argument on the motion on April 17, 2025. ECF No. 33.

## II.     **LEGAL STANDARD**

On a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the court reviews the "complaint, answer, any written documents attached to the pleadings, and any matter of which the court can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009). The moving party is "entitled to judgment on the pleadings only if it has established 'that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law.'" *Juster Assocs. v. City of Rutland, Vt.*, 901 F.2d 266, 269 (2d Cir. 1990) (quoting 5C Wright & Miller, Fed. Prac. & Proc. § 1368 (1969 ed.)).

When a defendant moves for judgment on the pleadings, aside from the fact that the court can consider the answer, the motion is reviewed under the same standard as a motion to dismiss for failure to state a claim. *See Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012). Thus, "[t]o survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Id.* at 114 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

Although motions for judgment on the pleadings are typically filed by defendants, they may also be filed by plaintiffs, including counterclaim-plaintiffs. In such instances, the court "determines whether the complaint, stripped of those allegations that are denied [in the answer], still states a claim against the defendant." 2 Moore's Fed. Prac. - Civil § 12.38 (2025). "In other words, the allegations of the answer are taken as true, but those of the complaint are taken as true only when they do not conflict with denials in the answer." *Id.*; *see also United Food & Commercial Workers, Loc. 1995 v. Kroger Co*., 51 F.4th 197, 202 (6th Cir. 2022) (stating that "[w]hen the plaintiff, as opposed to the defendant, moves for judgment on the pleadings, instead of asking whether the complaint . . . contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, we ask whether the plaintiff's petition, stripped of those allegations which are denied by the defendant's answer, would leave the petition stating a cause of action against the defendant.") (internal quotation marks and citations omitted); *Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n, AFL-CIO v. Liberty Mar. Corp*., 933 F.3d 751, 761 (D.C. Cir. 2019) (stating that "when the plaintiff moves for judgment on the pleadings, the defendant's denials and allegations of the answer which are well pleaded must be taken as true") (internal quotation marks omitted).

## III.  **DISCUSSION**

In its briefing, New York Life urged dismissal of the Complaint and cited the standard applicable to Rule 12(c) motions for judgment on the pleadings brought by defendants. *See* Def.'s Mem. 7 (noting that to "survive a Rule 12(c) motion, the Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (internal quotation marks omitted). New York Life argued that Beneficiaries failed to plead non-conclusory facts that the policy remained in effect at the time of Decedent's death. *Id.* at

8.[2] Pointing to its Answer, which attached several letters from 2021 and 2022 notifying Decedent that his policy lapsed for failure to pay premiums, New York Life asserted that "the documentary evidence plainly establishes that the policy lapsed for non-payment of premiums in mid-2021, well before [Decedent's death] in November 2022." Def.'s Mem. 1, 3-4 (citing ECF Nos. 15-2 to 15-4, Ex. B-D). Beneficiaries argued in response that Decedent's performance under the contract and whether the policy lapsed are disputed issues of material fact that preclude judgment on the pleadings. Pls.' Mem. 6.

At oral argument, New York Life conceded it is not entitled to judgment on the pleadings in its posture as a defendant because Decedent's performance *is* a disputed issue of material fact when the Complaint and Answer are considered.[3] Instead, New York Life argued that it is entitled to judgment on the pleadings regarding its Counterclaim. New York Life's Counterclaim asserts a single claim for declaratory judgment that the policy lapsed due to non-payment of premiums prior to Decedent's death and that Beneficiaries are not entitled to benefits under the policy. Counterclaim ¶¶ 1-16. Rather than deny New York Life's assertions that Decedent failed to make various premiums payments, Beneficiaries answered that they lack knowledge sufficient to form a belief. Pls.' Answer ¶¶ 7-15. New York Life suggested at

---

[2] In particular, New York Life asserted that Beneficiaries' allegation in the Complaint that Decedent "complied with all conditions and obligations required by the Subject Insurance Policy," Compl. ¶ 15, was conclusory and should be disregarded. Def.'s Mem. 1, 3-4

[3] Even had New York Life not conceded this point, I would have concluded that New York Life is not entitled to judgment on the pleadings with respect to the Complaint and Answer. That is because I cannot resolve the fact-sensitive question of whether Decedent performed his contractual obligations on a motion for judgment on the pleadings. I am obliged at this stage to accept all well-pleaded facts in the Complaint as true. *See Graziano*, 689 F.3d at 114. Since Beneficiaries have alleged that Decedent complied with all conditions and obligations required by the policy and that the policy remained in effect at the time of Decedent's death, I cannot conclude that the policy lapsed prior to Decedent's death.

oral argument that this response operates as a concession that Decedent did not perform. Notably, New York Life raised this argument for the first time at oral argument. New York Life's memorandum nowhere cited Beneficiaries' Answer or the standard that applies when a plaintiff (or counterclaimant) seeks judgment on the pleadings. Indeed, New York Life's memorandum focuses entirely on its argument that the Complaint should be dismissed on the ground that Beneficiaries failed to plead a plausible claim. Def.'s Mem. 7-9.[4]

Judgment on the pleadings in favor of New York Life's Counterclaim can be granted only if, after removing all assertions in New York Life's Counterclaim that were denied by Beneficiaries, there remains a cause of action stated against Beneficiaries. *See* 2 Moore's Fed. Prac. - Civil § 12.38 (2025). Beneficiaries assert in their Answer to the Counterclaim that they lack knowledge of whether Decedent failed to make various premiums payments described in the Counterclaim. Pls.' Answer ¶¶ 6-13, 15. Those statements operate as denials. Fed. R. Civ. P. 8(b)(5); *see also Forts v. Ward*, 566 F.2d 849, 853 (2d Cir. 1977) ("It is hornbook law that a statement to the effect that one has insufficient knowledge to form a belief as to the truth of an averment is treated as a denial.") (internal quotation marks and citation omitted). Furthermore, Beneficiaries deny in their Answer that the policy terminated. Pls.' Answer ¶ 16. Thus, I must consider New York Life's Counterclaim that the policy terminated prior to Decedent's death stripped of the assertions that Decedent failed to timely pay premiums and that the policy terminated. Absent admissions regarding Decedent's failure to pay and the termination of the policy, I cannot conclude that the policy lapsed due to nonpayment;

---

[4] The memorandum states once that the court should "grant New York Life judgment on the pleadings on the counterclaim," Def.'s Mem. 2, but nowhere references the Beneficiaries' Answer to the Counterclaim or provides the relevant legal standard.

consequently, New York Life is not entitled to judgment on the pleadings with regards to its

Counterclaim.

**IV.**    **<u>CONCLUSION</u>**

For the foregoing reasons, I conclude that New York Life is not entitled to judgment

on the pleadings.

**SO ORDERED.**

Bridgeport, Connecticut
April 23, 2025

/s/*Sarah F. Russell*_____
SARAH F. RUSSELL
United States District Judge
